UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERIC MENG, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-2707-RLW |
| | ) |
| CITIMORTGAGE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

On October 7, 2019, Plaintiff Eric Meng filed a "Petition." (ECF No.1).[1] In the Petition, Plaintiff states he is "pro se," yet the Petition is signed by an attorney, Andrew A. Westerfeld of the Westerfeld Law Group, LLC. (ECF No. 1). A summons was emailed to Mr. Westerfeld on October 8, 2019, but there has been no other activity by Mr. Westerfeld.

On December, 4, 2019, Plaintiff filed a pro se motion. (ECF No. 5) Therein, Plaintiff claims Mr. Westerfield made several errors in the Petition and Plaintiff requests various forms of relief. First, Plaintiff seeks a 60-day extension for "Service of and Correction to Case #4:19-cv-02707-RLW." (ECF No. 5 at 2). Next, Plaintiff asks the Court to enter an amendment to the Petition, which would be a "supplement to Petition and not a replacement." (ECF No. 5 at 3). Finally, Plaintiff asks the Court to remove Attorney Westerfeld and allow Plaintiff to proceed pro se. (ECF No. 5 at 3-4).

The Court orders Mr. Westerfeld to respond to Plaintiff's pro se motion (ECF No. 5). The Court further notes that it cannot remove Mr. Westerfeld without a Motion to Withdraw from either Plaintiff or Mr. Westerfield. Plaintiff hired Mr. Westerfeld, not the Court. Plaintiff must be aware that, if he

---

[1] Although Plaintiff titles his initiating document a "Petition," a complaint commences a civil action under Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the Court.").

proceeds pro se, then he will be held to the same standards and rules as licensed attorneys, including the deadlines in the Federal Rules of Civil Procedure. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834–35 n. 46, 95 S.Ct. 2525, 2540–41 n. 46, 45 L.Ed.2d 562 (1975) ("pro se litigants are not excused from failing to comply with substantive and procedural law").

Finally, the Court denies Plaintiff's request to amend his "Petition." If Plaintiff wishes to amend his "Petition," he must file a separate motion to amend and include a proposed complaint that includes each and every claim he wishes to bring against every respondent in this action. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's pro se motion (ECF No. 5) is held in abeyance, in part, and **DENIED**, in part. The Court **DENIES** Plaintiff's request to amend his "Petition" by interlineation.

**IT IS FURTHER ORDERED** that Mr. Westerfeld shall respond to Plaintiff's pro se motion (ECF No. 5) no later than **December 17, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff and/or Mr. Westerfeld shall file any motion to withdraw as counsel no later than **December 17, 2019**.

**IT IS FINALLY ORDERED** that the clerk shall send a copy of this Memorandum and Order to Plaintiff Eric Meng, 1424 St. Gregory Lane, St. Charles, MO 63304.

Dated this 9th day of December, 2019.

/s/ Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**