UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| ERIC MENG, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:19-CV-2707 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant CitiMortgage, Inc's ("Citi") Motion to Dismiss (ECF No. 19). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Eric Meng ("Meng") was the owner of some real property at 5303 Milburn Road, Oakville, Missouri, 63129 (hereinafter the "Property"). Meng entered into a mortgage loan on the Property. Meng's mortgage loan fell into default. Freddie Mac purchased the Property at a foreclosure sale on November 2, 2011. Prior to the foreclosure sale, Meng filed a Petition in the Circuit Court of St. Louis County in Case No. 11SL-CC043761 on October 31, 2011, seeking a temporary restraining order to prevent the foreclosure sale and for specific performance to modify

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Meng's loan. The restraining order was denied, and the November 2, 2011 foreclosure sale proceeded.

After the 2011 foreclosure, Meng filed an amended petition, alleging causes of action for damages for wrongful foreclosure, to set aside foreclosure, equitable redemption, promissory estoppel and negligent misrepresentation. After it was named a party to this action, Freddie Mac removed the matter to the United States District Court, Eastern District of Missouri, Case No. 4:12-CV-514-CAS. On March 29, 2013, the District Court dismissed Case No. 4:12-CV-514-CAS with prejudice. (ECF Nos. 31 and 32).

On August 28, 2013, Meng, acting pro se, filed another suit to quiet title against Freddie Mac. *See* Case No. 4:13-CV-2527-RWS. Freddie Mac removed the case to the United States District Court, Eastern District of Missouri, arguing that Meng's suit to quiet title was barred by the doctrine of res judicata based upon prior rulings in *Meng v. CitiMortgage, Inc.*, No. 4:12-CV-514 CAS, 2013 WL 1319008 (E.D. Mo. March 29, 2013). On April 4, 2014, the District Court dismissed Meng's claims based upon res judicata grounds. *See* Case No. 4:13-CV-02527-RWS at ECF No. 12. Thereafter, Meng sent several letters to the District Court, which the Court construed as a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). On May 8, 2014, the District Court denied Meng's Motion to Alter or Amend Judgment because Meng did not offer any new material facts or legal standards. *See* Case No. 4:13-CV-2527-RWS, ECF No. 19.

In the present (third) action, Meng asks the Court to set aside the foreclosure sale and award him title and possession of the Property.

## STANDARD OF REVIEW

Defendants bring this motion to dismiss for failure to state a claim and for res judicata. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

### A. Rule 60(d)(1)

Meng argues in his First Amended Petition that this Court should set aside the dismissal, with prejudice, of the previously litigation in Case No. 4:12-CV-514 under Fed. R. Civ. P. 60(d)(1). *See* ECF No. 22, ¶26. Rule 60(d)(1) provides, "[t]is rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." "The Supreme Court has stated that 'an independent action should be available only to prevent a grave miscarriage of justice.'" *Taylor v. United States*, No. 1:06-CV-182 CAS, 2014 WL 1652348, at *2 (E.D. Mo. Apr. 24, 2014), *aff'd* (July 1, 2014) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). To prevent the restrictions of Rule 60 from "be[ing] set at naught," independent actions under Rule 60(d) must "be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Id.* (internal citation omitted). "Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances." *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir.1980).

"The indispensable elements of" a successful Rule 60(d)(1) motion are "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented

the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." *Voss v. Vobora*, No. 4:16 CV 1895 RWS, 2017 WL 492828, at *2 (E.D. Mo. Feb. 7, 2017) (quoting *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 708 F. Supp.2d 890, 898–99 (D. Minn. 2010); 11 Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d § 2868).

The Court holds that Meng cannot meet the standard for relief under Rule 60(d)(1). Meng has not identified any "indispensable elements" that would require this Court to reconsider the District's Court's previous decisions dismissing his actions. Likewise, Meng has not described any new evidence that would alter the District Court's decision. Therefore, the Court dismissed Meng's First Amended Petition for failure to state a claim.

### B. Res Judicata

The doctrine of res judicata applies to repetitive suits involving the same cause of action. *Lundquist*, 238 F.3d 975, 977 (8th Cir. 2001) (citing *C.I.R. v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948)). Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action. *Lundquist*, 238 F.3d at 977 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)); *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019).

Under Missouri law "res judicata applies where (1) 'the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was the final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'" *Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006) (quoting *Biermann v. United States*, 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999)); *Brown v. Kansas City Live, LLC,* 931 F.3d 712, 714 (8th Cir. 2019) Res judicata bars relitigation from the same "operative facts giving rise

to one or more bases for suing" and applies "to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at that time." *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. 2002) (en banc) (quoting *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991) (en banc)); *Brown*, 931 F.3d at 714.

The Court holds that this action is barred by res judicata. As previously discussed, Meng brought two prior actions to set aside the foreclosure sale. Both of those actions were dismissed on the merits. Here, Meng requests the Court to set aside the foreclosure, but primarily focuses his argument on the actions of his attorney in the first action, Jeffrey Witt. *See* First Amended Petition, ECF Nos. 22, ¶¶16-25.[2] Importantly, the Motion to Dismiss in the original case was on the merits, not by default, and Mr. Witt's representation was not the cause of the dismissal. In fact, Meng's attorney, Mr. Witt, filed lengthy pleadings in support of his Meng's claims. In his second action, Meng filed another lawsuit pro se. Meng represented himself and his claims were again dismissed on the merits. In May 2014, Meng brought to the District Court's attention the issues regarding Mr. Witt, as well as his complaints about his loan modification and the allegedly wrongful foreclosure. Meng asked for reversal of the District Court's decisions dismissing his lawsuits, which was denied. *See* Case No. 4:13-CV-2527-RWS at ECF No. 18.

Thus, the Court finds that all of the elements for res judicata have been met. A prior, final judgment by two District Courts dismissed Meng's actions based upon the same claims as raised in this lawsuit. In two prior District Court cases, Meng raised the unlawfulness of the foreclosure of the Property as well as his dissatisfaction with his counsel, Mr. Witt. Meng's claims have been

---

[2] Similarly, in his Motion to Deny Defendant's Motion to Dismiss (ECF No. 21), Meng accuses Mr. Witt of "perpetrating fraud by aiding and assisting Defendant in falsifying the financial facts" and claiming Meng was a "victim of Jeffery Witt financial schemes."

presented and ruled upon by the Court, are barred by res judicata, and are dismissed by this Court. *See Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 804 (8th Cir. 2006) ("res judicata bars a claim that *could have been raised* in the first lawsuit").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CitiMortgage, Inc's ("Citi") Motion to Dismiss (ECF No. 19) **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice.

An appropriate Judgment is filed herewith.

Dated this 13th day of February, 2020.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**